[No. 3045.]

## J. W. BROCKMAN v. THE STATE.

1. PURCHASING CATTLE WITHOUT TAKING A BILL OF SALE—EVIDENCE.—
In a prosecution for purchasing cattle without taking a bill of sale, the
defendant proposed to prove that another person, to whom he gave
money for the purpose, purchased the cattle for him, received them for
him, and gave him a bill of sale which he said at the time was the bill of
sale to the said cattle. He also offered in evidence the bill of sale. This
evidence was excluded as irrelevant. *Held*, error; that, if defendant did
in fact purchase the cattle through an agent, and the cattle were deliv-
ered to the agent in the absence of the defendant, he was entitled to
such proof, which would constitute a good defense, unless it further ap-
peared that he consented to the receiving of the cattle by his agent with-
out a bill of sale. See the opinion on the question.

2. SAME—VENUE.—The venue of the offense of purchasing and receiving
cattle without taking a bill of sale, is the county in which the cattle
were purchased. There is no evidence of any character that the cattle
in this instance were purchased, as alleged, in Karnes county. *Held*, fa-
tal to the conviction.

APPEAL from the District Court of Karnes. Tried below be-
fore the Hon. H. C. Pleasants.

The indictment charged that the appellant, in the county of
Karnes, on the third day of January, 1882, purchased three
head of cattle from Emil Zuehl, without taking a bill of sale
for the same. The trial resulted in the appellant's conviction,
and his punishment was assessed at a fine of twenty dollars per
head for three head of cattle so purchased. The motion for new
trial, embracing, among others, the questions considered in the
opinion, was overruled and this appeal prosecuted.

Emil Zuehl was the first witness introduced by the State. He
testified that he was a resident of Wilson county, Texas. Wit-
ness and his father owned about one hundred head of cattle.
The witness owned the ZIL brand. In the fall of 1881, because
of the scarcity of water in his neighborhood, the witness took
his cattle to a grazing ground on the San Antonio river. Joseph
Pierdalla, taking his cattle, went with the witness, and the cat-
tle of the two, witness and Pierdalla, were kept together. Pier-
dalla was authorized to look after the witness's cattle and re-

cover them for him when they went astray, but had no authority to sell them. Kasprick, Pierdalla, defendant nor no one else, had authority to sell witness's cattle for him. The witness missed some of his cattle in the winter of 1881 or in 1882, and in the spring of 1882 he received word from Colonel Risinger that if he would come to Helena he, Risinger, could tell him something about them. Witness went, and Colonel Risinger paid him for a heifer in the ZIL brand, which he, Risinger, had sold. Witness and Risinger went together to the court house in Helena, and there Risinger introduced him to the defendant. Witness then demanded of defendant pay for his two steers. Defendant replied that he bought the two steers from John Kasprick. Witness replied that he had never sold any cattle to John Kasprick, and that Kasprick had no authority to sell the two steers. Defendant then paid the witness forty dollars for the two steers. Witness knew the two steers from the description given by the defendant, and had known them since they were calves. Witness did not remember that the defendant said at first that he would not pay witness until Kasprick returned the money he had paid him.

Colonel Risinger was the next witness for the State. He testified that he was the inspector of hides and animals for Karnes county, in 1882. During the spring of that year he went to the defendant's to inspect a number of cattle the defendant was selling to John L. Rutledge. Among the number he found one animal in the ZIL brand, which he knew to belong to Emil Zuehl. Witness asked defendant if he had a bill of sale for that animal. He answered that he had not, but John Kasprick had. Witness turned to Kasprick, who was present, and asked him for the bill of sale. He, Kasprick, said in reply that he had one, but that it was at home. Witness told Kasprick that he must produce it by next evening. Kasprick said that Joseph Pierdalla sold him the cattle and gave him the bill of sale. Kasprick failing to put in an appearance, or to produce a bill of sale, the witness himself sold the animal to Rutledge. A short time after this the witness was called to inspect a lot of hides that were being sent to market from Helena. Among the number he found two brown hides, bearing the ZIL brand. Witness asked defendant about these hides. Defendant said that he had sold the animals to which these hides belonged to Wright, the Helena butcher, and that he himself had previously bought the animals. Witness wrote to Zuehl, and he came to Helena. Witness

then paid Zuehl the money he received from Rutledge for the steer he sold, and took him to the court house and introduced him to the defendant, and left the two together. He afterwards saw them talking together, and heard the defendant tell Zuehl that he would not pay for the animals until Kasprick returned the money he had paid him for them. The defendant is the man whom witness saw offering to sell the ZIL steer to Rutledge, as stated.

Joseph Pierdalla testified, for the State, that in the fall of 1881 he and Emil Zuehl drove their cattle to the Conquista cross-ing of the San Antonio river. Witness had authority from Zuehl to care for his cattle and prevent them from straying, but had no authority to trade or sell any of them. He at no time sold any of Zuehl's cattle to defendant, or to Kasprick, or any one else, nor had he ever executed a bill of sale to any of Zuehl's cattle to Kasprick or any one else.

*Lawhon & Brown,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

Willson, Judge. Defendant offered to prove on the trial that the cattle in question were purchased for him by another person, to whom he gave money with which to purchase them, and that this other person did purchase and receive them for him, and gave him a bill of sale, saying at the time that it was a bill of sale to said cattle. Defendant also offered in evidence the bill of sale. This proposed evidence was rejected upon the ground that it was irrelevant.

We think the court erred in rejecting it. If the defendant did in fact purchase the cattle through an agent, and the cattle were received by said agent when the defendant was not pre-sent, before the defendant could be legally convicted the proof would have to show that he consented to the receiving of the cattle by his agent without a bill of sale. (*Houston* v. *The State,* 13 Texas Ct. App., 595.) Defendant did not purchase the cattle from Kasprick, but claimed to have paid said Kasprick the money to purchase the same for him, and he proposed to prove these facts, and to prove further that Kasprick told him he had purchased the cattle for him, at the same time delivering him a bill of sale therefor.

We are clearly of opinion that this testimony was admissible,

and if the facts be as they are asserted by the defendant, it was Kasprick, and not the defendant, that violated the law by purchasing and receiving the cattle without taking a bill of sale from the owner thereof.

Purchasing and receiving the cattle without taking a bill of sale therefor from the owner thereof, or his agent, is the offense charged in the indictment. The venue of the offense is the county in which the cattle were purchased and delivered. There is not a particle of evidence in the record, either direct or circumstantial, which proves that the, offense was committed in Karnes county.

Because the court erred in excluding the evidence offered by the defendant, and because the venue of the offense was not proved, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered April 26, 1884.